UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/2026
```

DOMINION CAPITAL LLC,

      Plaintiff,

v.

RELIZ LTD. d/b/a BLOCKFILLS.COM,

      Defendant.

Case No. 1:26-cv-01672 (MSK)(VF)

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Upon the Affidavit of Gennadiy Gurevich, sworn to on February 27, 2026, the exhibits thereto, the Affirmation of Anna Lea McNerney, dated March 2, 2026, the Complaint (ECF No. 1), and the accompanying Memorandum of Law, it is

ORDERED, that Defendant Reliz Ltd. d/b/a BlockFills.com ("Blockfills") show cause ~~before a motion term of this Court, at Room 18C of the United States Courthouse located at 500 Pearl Street in the City, County and State of New York, on March __, 2026, at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard,~~ **in writing, by March 17, 2026,** why an order should not be issued pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law and Rules:

    a. Enjoining Blockfills, its officers, directors, agents, employees, and all persons acting in concert with them, from dissipating, depleting, transferring, encumbering, selling, assigning, or otherwise disposing of any assets belonging to Dominion and in the custody or control of Blockfills (in particular Dominion's 70.5556739914 Bitcoin) during the pendency of this action;

    b. Enjoining Blockfills from conveying or transferring any assets under its control with intent to hinder, delay, or defraud creditors or frustrate the enforcement of any judgment that may be rendered in Plaintiff's favor during the pendency of this action;

    c. Enjoying Blockfills from transferring any assets or funds currently held in the United States to any individual or entity outside of the United States during the pendency of this action;

    d. Requiring Blockfills to provide a full accounting of all customer funds, including Plaintiff's Bitcoin assets, and to segregate and maintain such assets in a separate account during the pendency of this action; and

    e. Granting a pre-judgment order of attachment of Blockfills' property pursuant to CPLR §§ 6201(1) and (3) in an amount sufficient to satisfy Plaintiff's claims;

and it is further

    ORDERED that, sufficient reason having been shown therefor, pending the hearing and determination of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Blockfills, its officers, directors, agents, employees, and all persons acting in concert with it are temporarily restrained and enjoined from:

    a. Dissipating, depleting, transferring, encumbering, selling, assigning, or otherwise disposing of Plaintiff's 70.5556739914 Bitcoin or any other assets belonging to Plaintiff;

    b. Conveying or transferring any other assets under its control with intent to hinder, delay, or defraud creditors or frustrate the enforcement of any judgment that may be rendered in Plaintiff's favor; and

    c. Transferring any assets or funds it currently holds in the United States to outside of the United States;

and it is further

    ORDERED that security in the amount of $___123,000___ be posted by Plaintiff prior to March _17_, 2026 at _12:00_ o'clock in the _after_ noon of that day; and it is further

ORDERED that service of a copy of this Order, together with the papers on which it was based, by (a) overnight courier to Defendant at its corporate headquarters located at 401 W Ontario Street, Suite 400, Chicago, Illinois 60654 and (b) email to Blockfills' Interim CEO, Joseph Perry (joe.perry@blockfills.com) and its President and Co-Founder Gordon Wallace (gordon@blockfills.com) on or before March 4, 2026, shall be deemed good and sufficient; and it is further

ORDERED that Defendant's opposition, if any, is to be served and filed by March 17, 2026. Plaintiff's reply, if any, is to be served and filed by March 24, 2026.

Dated: New York, New York
       March 3, 2026 at 2:35 PM

Because this temporary restraining order is being issued without notice to Defendant, the Court specifically notes that Plaintiff has clearly shown that immediate and irreparable injury, loss, or damage will result to Plaintiff before Defendant may be heard in opposition. Namely, Plaintiff has shown that Defendant has suspended client withdrawals and is currently preventing Plaintiff from accessing or withdrawing its own property, and that the risk of Defendant's insolvency is likely and imminent. This temporary restraining order will expire on March 17, 2026, absent good cause for or consent to an extension.

SO ORDERED,

*Mary Kay Vyskocil*

Hon. Mary Kay Vyskocil
United States District Judge